IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ARLENE F. BALL,**<br><br>                              Plaintiff,<br><br>vs.<br><br>**GOODLEAP, LLC** and **TITAN SOLAR POWER MO, INC.,**<br><br>                              Defendants. | Case Number: _____<br><br>JURY TRIAL DEMAND |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW Plaintiff Arlene F. Ball, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages alleging, inter alia, violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) ("FCRA"), the federal Truth In Lending Act, 15 U.S.C. § 1638 *et seq*. ("TILA") and the Missouri Merchandising Practices Act, R.S.Mo. §§ 407.020; 407.025 ("MMPA").

## The Parties

2. Plaintiff is an individual person, a consumer for purposes of her FCRA, TILA, and MMPA claims, and a citizen of the State of Missouri.

3. Defendant Goodleap, LLC ("Goodleap") is a California limited liability company.

4. At all times relevant hereto, Defendant Goodleap, LLC was and is engaged in business in Missouri.

5. Defendant Goodleap is a financing company that partners with installers and sales companies like Defendant Titan Solar Power MO, Inc. to provide financing for solar panels and other solar products.

1

6. As a matter of policy, Defendant Goodleap may originate a loan with a customer without first speaking with that customer.

7. Defendant Titan Solar Power MO, Inc. ("Titan Solar") is a Missouri corporation.

8. At all times relevant hereto, Defendant Titan Solar was and is engaged in business in the State of Missouri.

9. Upon information and belief, Defendant Titan Solar Power MO, Inc. is in the business of marketing, selling, leasing, designing, constructing, installing, and servicing photovoltaic and/or solar energy systems on residential properties.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Jurisdiction over the state law claims arises under 28 U.S.C. § 1367(a).

12. Venue lies properly in this district under 28 U.S.C. § 1391(b).

## Factual Allegations

13. In or around February 2023, Plaintiff was contacted by Defendant Titan Solar by telephone, soliciting the sale of solar panels.

14. Plaintiff indicated to Defendant Titan Solar that she was interested in some information regarding the solar panels.

15. Prior to May 18, 2023, Defendant Titan Solar sent its agent to physically evaluate Plaintiff's house in Ralls County, Missouri for purposes of installing solar panels.

16. During this visit, Plaintiff attempted to ask Defendant Titan Solar's agent questions related to the process of installing solar panels, but Defendant Titan Solar's agents avoided talking to Plaintiff.

17. On multiple occasions, Defendant Titan Solar informed Plaintiff that the solar

panels could be installed on the roof of her residence in Ralls County, Missouri at no cost to Plaintiff because it was part of a government program.

18. Plaintiff objected to the placement of solar panels on her roof.

19. On or about May 18, 2023, Defendant Titan Solar electronically sent Plaintiff documentation purporting to be a survey plan for installation and location for solar panels.

20. Plaintiff could neither read the documents nor print them out due to the size of the document.

21. After much persistence, Plaintiff allowed Defendant Titan Solar to place solar panels on her roof under the understanding that Plaintiff was participating in a government program that would allow her to utilize the solar panels at no cost to her.

22. In the course of Defendants' actions, Defendant Goodleap used or obtained Plaintiff's credit reports from the national consumer reporting agencies on or about February 20, 2023, and on or about July 18, 2023.

23. Subsequent to the installation of the solar panels, Defendant Goodleap contacted Plaintiff and advised her that Plaintiff now owed Defendants Goodleap approximately $41,074.30 dollars for the solar panels at an interest rate of 4.49% and maturity date of July 18, 2048.

24. Subsequently, Plaintiff discovered that her name had been forged on a note to Defendant Goodleap.

25. The installation of the solar panels under the fraudulent representations has also caused damage to Plaintiff's roof.

26. On or about August 4, 2023, Plaintiff filed a police report with the Ralls County Sheriff's Office reporting the fraud. The report was taken by Sergeant Benjamin of the Ralls County Sheriff's Office.

27. The credit pull from the fraudulent representations related to the solar panel contract constitute an invasion of Plaintiff's privacy.

## COUNT I
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *et seq.*
## Defendant Goodleap, LLC

COMES NOW Plaintiff Arlene F. Ball and for Count I of her complaint against Defendant Goodleap, LLC states and alleges:

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. When Defendant Goodleap used or obtained Plaintiff's consumer reports from nonparty national consumer reporting agencies Equifax Information Services LLC, Experian Information Solutions, Inc. and Trans Union, LLC on February 20, 2023 and again on July 18, 2023.

30. When Defendant Goodleap used or obtained Plaintiff's consumer reports it did not first provide a written authorization to Plaintiff.

31. Plaintiff did not give Defendant a written authorization to secure her consumer reports.

32. Plaintiff did not give Defendant, or anyone acting on Defendant's behalf, permission to sign her name to any authorization for a consumer report.

33. The accessing of Plaintiff's consumer reports by Defendant Goodleap, LLC without a legally permissible purpose was willfully, recklessly and/or negligently in violation of the Fair Credit Reporting Act.

34. Defendant Goodleap, LLC violated 15 U.S.C. § 1681b(f) by willfully, recklessly, and/or negligently accessing, attaching, using and/or obtaining Plaintiff's consumer report without

a permissible purpose or authorization under the FCRA.

35.     Defendant Goodleap, LLC violated 15 U.S.C. § 1681n by negligently accessing, attaching, using and/or obtaining Plaintiff's consumer report without a permissible purpose or authorization under the FCRA.

36.     Defendant Goodleap, LLC violated 15 U.S.C. § 1681o by willfully and/or recklessly accessing, attaching, using and/or obtaining Plaintiff's consumer report without a permissible purpose or authorization under the FCRA.

37.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

38.     At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

39.     Despite knowing of its legal obligations, Defendant Goodleap, LLC acted recklessly and consciously breaching its known duties depriving Plaintiff of his rights under the FCRA.

40.     As a result of the above violations of the FCRA, the Defendants are liable to the Plaintiff pursuant to 15 U.S.C. § 1681n in the sum of Plaintiff's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

WHEREFORE, Plaintiff Arlene F. Ball respectfully prays that judgment be entered against the Defendant Goodleap, LLC for actual damages; punitive damages, statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o; and for such other and further relief as may be just and proper.

## COUNT II
## MERCHANDISING PRACTICES ACT
R.S.Mo. § 407.020 and § 407.025
**Defendants Goodleap and Titan Solar**

COMES NOW Plaintiff Arlene F. Ball, and for Count II against Defendants Goodleap, LLC and Titan Solar Power MO, Inc., states and alleges:

41. Plaintiff Arlene F. Ball incorporates by reference all of the preceding allegations in this petition.

42. Defendants are subject to the requirements and provisions of the Missouri Merchandising Practices Act.

43. At all times relevant hereto, Plaintiff Arlene F. Ball acted as a reasonable consumer would under similar circumstances.

44. Defendants Goodleap, LLC and Titan Solar's conduct as described herein constitutes violations of R.S.Mo. § 407.020.1 stating the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri, is declared to be an unlawful practice.

45. Defendants Goodleap, LLC and Titan Solar's conduct as described herein also constitutes violations of R.S.Mo. § 407.025.1 stating Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or

6

in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

46. But for Defendants' acts, use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and concealment, suppression, or omission of material facts Plaintiff would not have agreed to allow the installation of solar panels at her residence in Ralls County, Missouri.

47. Defendants' acts, use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and concealment, suppression, or omission of material facts for the sale of consumer products in trade and commerce, is an unlawful practice.

48. Under R.S.Mo. § 407.020 and § 407.025, Plaintiff Arlene F Ball is entitled to recover actual damages; punitive damages; attorney's fees and expenses for Defendant's violations of R.S.Mo. § 407.020 and § 407.025; and to equitable relief.

49. As a direct result of Defendant's unlawful acts and practices, Plaintiff Arlene F Ball incurred actual damages.

50. Plaintiff Arlene F Ball has incurred attorney's fees and continues to incur said fees, which can be recovered under the Missouri Merchandising Practices Act, R.S.Mo. § 407.020 and § 407.025.

WHEREFORE, Plaintiff Arlene F. Ball prays for judgment against Defendants for such actual and punitive damages as are fair and reasonable for violations of the R.S.Mo. § 407.020 and § 407.025; for Plaintiff Arlene F Ball's reasonable attorney's fees and expenses; for injunctive relief, and for the costs of this action; and for such relief as the Court considers just and proper.

## COUNT III
## TRUTH IN LENDING ACT
### 15 U.S.C. § 1632 *et seq.*
### Defendant Goodleap, LLC

COMES NOW Plaintiff Arlene F. Ball and for Count III of her complaint against Defendant Goodleap, LLC states and alleges:

51.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

52.     The Truth in Lending Act mandates that lenders disclose certain "costs of credit" associated with the transaction. Accurate disclosure of the "amount financed," the "finance charge," and the "Annual Percentage Rate" (APR) are necessary in order for consumers to be able to make meaningful comparisons of credit alternatives, and are mandatory disclosures. 15 U.S.C. § 1638.

53.     Terms such as "amount financed," "finance charge," and "annual percentage rate" must be used, as well as a "descriptive explanation" of each of these terms. 15 U.S.C. §1638(a).

54.     The Act mandates that these disclosures be written in a manner that is accurate, clear and conspicuous. *See* 15 U.S.C. § 1632(a); Reg. Z, § 1026.17(a).

55.     Defendant GoodLeap failed to provide Plaintiff disclosures of the amount financed, finance charge, or annual percentage rate, nor any other disclosures, at the time the GoodLeap contract was purportedly consummated.

56.     Defendant GoodLeap misrepresented the financing terms to Plaintiff, as explained by Defendant Titan Solar, as the terms Defendants now contend are applicable are more expensive than the original terms Plaintiff agreed to when she was told that a government program would cover the cost of solar panels.

57.     Defendant GoodLeap violated the Truth in Lending Act, 15 U.S.C. §§ 1632(a),

8

1638(a) (2)–(5), and Reg. Z, § 1026.17.

WHEREFORE Plaintiff Arlene F. Ball prays for judgment against Defendant Goodleap, LLC for actual damages, statutory damages, interest, and Plaintiff's reasonably incurred attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by Jury on all issues so triable.

*Respectfully Submitted*,

By: /s/ A.J. Stecklein
A.J. Stecklein            MO #46663
Matthew S. Robertson      MO #70442
STECKLEIN LAW OFFICE, CHTD.
1503 Westport Road
Kansas City, Missouri 64111
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0727
Email: aj@kcconsumerlawyer.com
       msr@kcconsumerlawyer.com
**Attorneys for Plaintiff**