IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **Arlene F. Ball**,<br><br>        Plaintiff,<br><br>v.<br><br>**Goodleap, LLC**; **Titan Solar Power MO, Inc.**; and **Solar Match, LLC**,<br><br>        Defendants. | Case No. 2:23-cv-00065-HEA |

**TITAN SOLAR POWER MO, INC.'S
MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO COMPEL ARBITRATION**

COMES NOW Defendant Titan Solar Power MO, Inc. ("TSP") and files this Memorandum of Law in Support of its Motion to Compel Arbitration under the Federal Arbitration Act:

**INTRODUCTION**

Plaintiff Arlene Ball ("Plaintiff") alleges that TSP and its co-defendants are liable for various damages arising from the installation of solar panels on Plaintiff's roof. Plaintiff asserts counts against TSP for violations of the Missouri Merchandising Practices Act (Count II), the Truth in Lending Act (Count III), and Rescission (Count IV). Yet Plaintiff agreed to arbitrate these claims. Specifically, Plaintiff signed and acknowledged a written contract with TSP explicitly agreeing to submit any and all disputes to binding arbitration. This Court should therefore compel Plaintiff to arbitrate her claim against TSP, and dismiss TSP or stay further proceedings pending arbitration.

1

## FACTUAL BACKGROUND

**1.      Plaintiff's and TSP Arbitration Agreement**

On February 20, 2023, Plaintiff signed a contract for TSP to install solar panels. (*See* Declaration of Eric Jung, ¶ 19, attached as **Exhibit 1**; TSP Purchase and Installation Agreement ("Agreement"), attached as **Exhibit 2**, p. 3–18 of 32.) The Agreement contained an arbitration provision, which states:

> 11.3. ARBITRATION OF DISPUTES: **Any dispute or claim arising out of or related to this Agreement over the jurisdictional limit of the Small Claims Court shall be submitted to an experienced private construction arbitrator** that shall be mutually selected by the Parties to conduct a binding arbitration in Mesa, Arizona. The arbitrator shall be either a licensed attorney or retired judge who is familiar with construction law. If the parties cannot mutually agree to an arbitrator within 30 days of written demand for arbitration, then either of the parties shall submit the dispute to binding arbitration with the American Arbitration Association ("AAA") for administration in accordance with the Construction Industry Arbitration Rules and Mediation Procedures. Judgment upon the award may be entered in any Court having jurisdiction thereof. The Parties expressly agree the venue for any arbitration shall be in Mesa, Arizona.

(Ex. 2, p. 14 of 32 (emphasis added).)

The Agreement was facilitated with the online service DocuSign, which provides a platform for entering into contracts electronically. (Ex. 1, ¶ 11.) The DocuSign platform sends an email to all individuals who are required to sign the document ("Signers"). (Ex. 1, ¶ 13.) A Signer who receives such an email "clicks" a weblink within the body of that email. (Ex. 1, ¶ 14.) The weblink directs the Signer to the DocuSign platform, which allows a Signer to review and affix a signature to a digital document. (Ex. 1, ¶ 14.) Once all Signers have gone through the above process, DocuSign automatically provides a confirmation that the relevant document is fully executed, and DocuSign presents a "Certificate of Completion" that provides relevant information about when and how the Signers executed the document. (Ex. 1, ¶ 15.) The

Certificate of Completion for the Agreement shows that an email was sent to Ms. Ball's email address (afball52@live.com) on February 20, 2023, at 1:23:58 p.m., which she viewed at 1:29:56 p.m. and then signed at 1:50:50 p.m. that same day. (Ex. 2, p. 31 of 32.) Ms. Ball signed the document through a mobile device. (*Id.*)

Following the full execution of the Agreement, TSP proceeded with the process of installing the solar panels at Ms. Ball's residence. (Ex. 1, ¶ 20.) TSP also sent numerous emails to Ms. Ball's email account (afball52@live.com) to coordinate the site survey, the system design, and the installation itself. (Ex. 1, ¶ 21.) TSP completed the solar panel installation on or about July 17, 2023, with Ms. Ball's permission. (Ex. 1, ¶ 22.)

**2.    Plaintiff's Lawsuit in Federal Court**

Despite having previously agreed to submit any disputes against TSP relating to the purchase of the solar panels to binding arbitration under Missouri law, Plaintiff filed this lawsuit on November 30, 2023. (Doc. 1.) Plaintiff's amended complaint alleges that she was told the solar panels would be installed at no cost, due to a government program. (Doc. 32, ¶ 20.) The amended complaint asserts three counts against TSP for violations of the Missouri Merchandising Practices Act (Count II), the Truth in Lending Act (Count III), and Rescission (Count IV). (*See generally* Doc. 32.) Plaintiff alleges in her amended complaint that Plaintiff did not sign the "Titan Solar Power Purchase Agreement" and a copy of it was not left with her in February 2023. (Doc. 32, ¶ 29.) Nevertheless, she alleges that other documents were sent to her electronically before the installation of the solar panels, including on May 18, 2023. (Doc. 32, ¶ 26.)

**LEGAL STANDARD**

Agreements to arbitrate disputes are favored as a matter of both federal and Missouri law and public policy. *Duncan v. Int'l Mkts. Live, Inc.*, 20 F.4th 400, 402 (8th Cir. 2021); *CD*

3

*Partners, LLC v. Grizzle*, 424 F.3d 795, 800 (8th Cir. 2005). Under the FAA, a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. The FAA establishes "a liberal federal policy favoring arbitration." *Torres v. Simpatico, Inc.,* 781 F.3d 963, 968 (8th Cir. 2015), quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

The FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of that agreement. *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005). This Court, then, should "engage in a limited inquiry" into these two threshold questions. *Houlihan v. Offerman & Co.*, 31 F.3d 692, 694–95 (8th Cir. 1994). This determination is also the end of the court's powers. *Medcam v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005) (motion to compel arbitration under the FAA is an "expeditious and summary hearing, with only restricted inquiry into factual issues"). If a valid and enforceable arbitration agreement exists under state law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration. *Faber v. Mendard*, 367 F.3d 1048, 1052 (8th Cir. 2004).

If a party presents evidence outside the pleadings, the motion must be treated like one for summary judgment under Fed. R. Civ. P. 56, determining whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Ballou v. Asset Mktg. Servs., LLC*, 46 F.4th 844, 851 (8th Cir. 2022); *Williams v. Insomnia Cookies, LLC*, No. 4:23-CV-669 RLW, 2024 U.S. Dist. LEXIS 21403, at *6 (E.D. Mo. Feb. 7, 2024).

## ARGUMENT

The FAA provides that if a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9

4

U.S.C. § 4. A court must "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," because a "prime objective" of arbitration is to achieve "streamlined proceedings and expeditious results" *Preston v. Ferrer*, 552 U.S. 346, 357–58 (2008) (internal quotation omitted).

In deciding whether to compel arbitration, the court may not review the merits of the underlying dispute. Instead, "the district court must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement." *Houlihan,* 31 F.3d at 694–95. Indeed, "[a] federal court must stay court proceedings and compel arbitration once it determines that the dispute falls within the scope of a valid arbitration agreement." *Id.* Because federal policy generally favors arbitration, courts should resolve any doubts regarding issues of arbitrability in favor of arbitration. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 504 (8th Cir. 1999) (internal citations omitted). Here, both limited inquiries are answered in the affirmative.

**1.      A Valid Arbitration Agreement Exists**

The first issue is whether a valid agreement to arbitrate exists. *Newspaper Guild of St. Louis, Local 36047, TNG-CWA v. St. Louis Post Dispatch, LLC*, 641 F.3d 263, 266 (8th Cir. 2011) (internal citations omitted). "Whether an arbitration agreement is valid is a matter of state contract law." *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004) (internal citation omitted). It appears uncontested that Missouri law applies because Plaintiff asserts other claims under Missouri law and TSP's Agreement (which it believes should compel arbitration) states that it is "governed by the laws and existing authorities where the Property is located." (Ex. 2, p. 16 of 32.) Thus, Missouri law applies.

Missouri law provides that the "essential elements of any contract, including one for arbitration, are 'offer, acceptance, and bargained for consideration.'" *Baker v. Bristol Care, Inc.*,

5

450 S.W.3d 770, 774 (Mo. banc 2014) (citation omitted). A contract offer and its terms "must be sufficiently specific on the terms of the contract that, upon its acceptance, a court may enforce the contract so formed." *Around The World Importing, Inc. v. Mercantile Tr. Co.*, 795 S.W.2d 85, 90 (Mo. App. E.D. 1990). "[S]ignatures remain a common, though not exclusive, method of demonstrating agreement." *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 22–23 (Mo. App. W.D. 2008); *McMurray v. AT&T Mobility Servs*., No. CV 21-414 (DWF/DTS), 2012 WL 3293540, at *4 (D. Minn. Aug. 2, 2021) (explaining that notwithstanding whether Plaintiff signed the arbitration agreement, his conduct demonstrated acceptance when he did not opt out of the Arbitration Agreement). Missouri law expressly permits the use of electronic signatures. Mo. Rev. Stat. § 432.230.1 & .2. Consideration consists either of a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party. *Bridgecrest Acceptance Corp. v. Donaldson*, 648 S.W.3d 745, 752 (Mo. banc 2022).

Here, these elements have undoubtedly been met. Both parties signed the Agreement for TSP to install solar panels on Plaintiff's house, which constituted an offer and acceptance of the relevant terms in the Agreement. (*See generally* Ex. 1, Ex. 2.) And those solar panels were actually installed. (Doc. 32, ¶ 30; Ex. 1, ¶ 22.) The Agreement contains consideration because Plaintiff agreed to give value in the form of payment to TSP in exchange for the installation of the solar panels. (Ex. 2.) Thus, the parties have a valid contract. As a result, the arbitration provision is valid and binding on the parties.

TSP recognizes that Plaintiff's amended complaint denies signature on the contract with TSP. (Doc. 32, ¶ 29.)  But even if Plaintiff swears to that statement under penalty of perjury, this Court recently enforced an arbitration agreement where the plaintiff also denied signing the agreement. *See generally Williams v. Insomnia Cookies, LLC,* 2024 U.S. Dist. LEXIS 21403

6

(E.D. Mo. 2024). In *Williams*, this Court found that the defendant met their burden to prove a valid arbitration agreement exists by showing (1) a copy of the agreement bearing the plaintiff's electronic signature, (2) evidence that all employees are given the agreement as part of the defendant's standard business practice, and (3) evidence showing that the plaintiff electronically accessed the document and inputted an electronic signature. *Williams*, 2024 U.S. Dist. LEXIS 21403 at *6–*8.

As in *Williams*, TSP has provided a copy of the agreement bearing Plaintiff's electronic signature. (Ex. 2.) TSP followed its standard business practice in accepting Plaintiff's electronic signature and then proceeding to install the solar panels at Plaintiff's home. (Ex. 1, ¶¶ 22–23.) And the DocuSign Certificate of Completion demonstrates that the Agreement was sent to Plaintiff's email address, as well as the method of signature (mobile) and the times she viewed and signed the document:

```
Arlene Ball                                    Arlene Ball                          Sent: 2/20/2023 1:23:58 PM
afball52@live.com                                                                   Viewed: 2/20/2023 1:29:56 PM
Security Level: Email, Account Authentication                                       Signed: 2/20/2023 1:50:50 PM
(None)
                                               Signature Adoption: Pre-selected Style
                                               Using IP Address: 35.89.85.68
                                               Signed using mobile

Electronic Record and Signature Disclosure:
   Not Offered via DocuSign
```

(Ex. 2, p. 31 of 32.) Thus, the evidence demonstrates that Ms. Ball electronically accessed the document and inputted her electronic signature on the Agreement. Because the evidence submitted by TSP is analogous to the evidence relied upon by this Court in *Williams*, this Court should similarly find here that a valid arbitration agreement exists between TSP and Plaintiff.

If the Court finds a valid dispute of fact as to whether Plaintiff signed the Agreement — it should not, for the reasons above — TSP requests that the Court permit limited discovery in preparation for a "expeditious and summary hearing" on the Agreement's validity. *Medcam v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005) (motion to compel arbitration under the FAA is an

7

"expeditious and summary hearing, with only restricted inquiry into factual issues"). The Court, after hearing the evidence, can resolve any factual dispute.

**2.      All pending claims fall within the broad scope of the arbitration agreement.**

Because the FAA and public policy strongly favor arbitration, the scope of an arbitration agreement is interpreted and construed liberally, with any doubts resolved in favor of arbitration. *Medcam, Inc.,* 414 F.3d at 975. Consequently, a motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); *Medcam, Inc.*, 414 F.3d at 975. Unless the arbitration agreement cannot be interpreted in a way that covers the dispute, the Court must order arbitration.

Missouri courts categorize an arbitration agreement as either broad or narrow. *State ex rel. Reg'l Convention v. Burton*, 533 S.W.3d 223, 226 (Mo. banc 2017). "Broad" arbitration agreements are those which provide for the arbitration of "all disputes" arising from a contract. *Id.* "Where an arbitration clause is broad and contains no express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Dunn Indus. Grp., Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 429 (Mo. banc 2003).

Here, the broad arbitration provision covers the disputes at issue — it provides that "[a]ny dispute or claim arising out of or related to this Agreement over the jurisdictional limit of the Small Claims Court shall be submitted to an experienced private construction arbitrator that shall be mutually selected by the Parties to conduct a binding arbitration in Mesa, Arizona. …." (Ex. 2, p. 14 of 32.) Plaintiff's claims arise out of or relate to the Titan Solar Power Purchase Agreement because the whole lawsuit is premised on the same subject matter: the sale and installation of the solar panels at Plaintiff's home. And Plaintiff surely seeks damages over the

8

small claims limit of $5,000. *See* Mo. Rev. Stat. § 482.305. Therefore, the dispute squarely falls within the arbitration provision's scope.

**3.      The Court should stay these proceedings.**

The FAA requires the Court to stay consideration of all arbitrable claims until arbitration is completed. 9 U.S.C. § 3 (requiring a court "on application of one of the parties [to) stay the trial of the action until such arbitration has been had in accordance with the agreement"); *Green v. SuperShuttle Int'l, Inc.,* 653 F.3d 766, 769 (8th Cir. 2011).

The Court has no discretion to refuse such a stay. *Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 1000 (8th Cir. 2004) (magistrate properly recognized that he "must stay court proceedings and compel arbitration once [he] determines that the dispute falls within the scope of a valid arbitration agreement" (citation omitted)).

## CONCLUSION

For the reasons above, this Court should enter an order compelling any and all claims against Titan Solar Power MO, Inc. to binding arbitration consistent with the parties' arbitration agreement. This Court should thereafter stay the case pending arbitration.[1]

---

[1] The United States Supreme Court is currently evaluating whether a Court may dismiss a case without prejudice pending arbitration. *See Smith v. Spizzirri*, Case No. 22-1218; *see also Smith v. Spizzirri*, SCOTUSblog, *available at* https://www.scotusblog.com/case-files/cases/smith-v-spizzirri/. If the Supreme Court answers in the affirmative, this Court may dismiss the case without prejudice pending arbitration. The Supreme Court's opinion may be issued while this motion pends.

        SANDBERG PHOENIX & von GONTARD, P.C.

By:    */s/ Zachary S. Merkle*
Lyndon Sommer, #44005MO
Zachary S. Merkle, # 68258MO
600 Washington Ave. — 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
lsommer@sandbergphoenix.com
zmerkle@sandbergphoenix.com

**Attorneys for Titan Solar Power MO, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on May 1, 2024, service of this document (including exhibits and attachments, if any) was made on all counsel of record via this Court's e-filing system.

   */s/ Zachary S. Merkle*