IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *ARLENE F. BALL,* | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 2:23-CV-00065-HEA |
| *GOODLEAP, LLC and TITAN SOLAR POWER MO, INC.* | ) |
| Defendants. | ) |

**TSP'S REPLY IN SUPPORT
OF ITS MOTION TO COMPEL ARBITRATION**

COMES NOW Defendant Titan Solar Power MO, Inc. ("TSP") and submits this Reply in Support of its Motion to Compel Arbitration:

**INTRODUCTION**

Plaintiff Arlene Ball ("Plaintiff") does not dispute that the claims asserted in this case fall within the scope of the arbitration agreement. Rather, she argues that this Court should not compel arbitration because she denies signing the Agreement (Doc. 62-2) and there was fraud. Plaintiff has not created a genuine dispute of fact on whether she signed TSP's Agreement because the only evidence in support consists of Plaintiff's own self-serving statements. Further, Plaintiff's alleged fraud relates only to the allegations that she understood she was getting the solar panels for free through a government program — the fraud allegations do not attack the contract as a whole nor the arbitration provision specifically. Thus, Plaintiff has not created an issue of fact, and this Court must compel arbitration.

1

# ARGUMENT

Plaintiff does not contest that the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA") applies and that the claims here fall within the arbitration agreement's scope. (*See* Doc. 65 pp. 2–3.) Instead, she asserts that no arbitration agreement exists because she "is not a signatory on the solar panel contracts that Defendants seek to enforce against her and her involvement with these companies was the product of fraud and deception related to how the panels were to be paid." (Doc. 65, p. 1.) The alleged misrepresentations were about Plaintiff's *financial responsibility* for the solar panels, because they allegedly told her the costs would be covered by a government program. (*Id.*) Although Plaintiff asserted that she "did not sign the Titan Solar contract," she does not dispute that the solar panels were installed. (*See* Doc. 65-1 (Plaintiff's declaration); Doc. 61-1, ¶¶ 22–23.)

For the reasons below, this Court should compel Plaintiff to arbitration and stay proceedings pending completion of the arbitration.

**1.    Plaintiff's self-serving assertions that she did not sign TSP's Agreement fail to create an issue of fact.**

About her electronic signature, Plaintiff's bare-bones declaration states only:

> 3. In February 2023 I was contacted by either Titan Solar or Solar Match to discuss the benefits of solar generated electricity for my recently purchased home in Ralls County, Missouri.
>
> 4. The service package for the solar panels was represented to me to be free, with the cost being covered by a government program.
>
> 5. I did not sign the Titan Solar contract for the purchase and installation of solar panels on my house, nor did I authorize anyone to use my signature on the Titan Solar Contract.

(Doc. 65-1, p. 1.) She also submits a police report wherein the narrative contained entirely her own allegations. (*Id.*) The issue is whether Plaintiff's self-serving assertions created an issue of fact to be tried. They did not.

2

25715029.v4

Other courts have concluded that such self-serving sworn statements do not defeat a motion to compel arbitration. For example, in *Palmer v. Johns Island Post Acute, LLC*, the plaintiff in an employment suit denied signing an arbitration agreement covering the dispute. No. 2:22-cv-3432-RMG, 2023 U.S. Dist. LEXIS 108691, at *1–2 (D.S.C. June 22, 2023). That plaintiff "stated that he did not sign the arbitration agreement online." *Id.* at *6. The defendant — like TSP here — presented detailed evidence that the plaintiff signed the agreement, and the Court held plaintiff's self-serving declaration failed to create a genuine dispute of fact. *Id.* at *7–8, relying on *Snow v. Genesis Eldercare Rehab. Servs., LLC*, 2023 U.S. Dist. LEXIS 12680, 2023 WL 371085, at *3 (D.S.C. Jan. 24, 2023); *see also Smith v. Golden China of Red Wing, Inc.*, 987 F.3d 1205, 1209 (8th Cir. 2021) ("black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion"). Thus, the *Palmer* Court compelled arbitration because "Plaintiff [did] not offer any corroborating evidence, nor [did] he support his allegations with any other specific evidence" that he did not sign the agreement. *Id.* at *8.

Likewise, Plaintiff here failed to submit anything more than a self-serving declaration that she did not DocuSign the Agreement. In addition to her conclusory declaration, she submitted a police report, which again is based entirely on her own self-serving statements to a police officer. (Doc. 65-1.) But these self-serving statements do not create a triable issue of fact. TSP's detailed declaration and supporting DocuSign Certificate of Completion provide sufficient evidence that Plaintiff signed the Agreement. (Docs. 61-1, 61-2.) Not only does the documentary evidence support that Plaintiff signed the electronic agreement, but TSP moved forward (in accordance with its standard practice) with the installation process: sending numerous emails to Plaintiff's same email account that signed the DocuSign envelope and in fact installing the solar

3

panels on Plaintiff's house. (Doc. 61-1, ¶¶ 20–23.) Even Plaintiff's police report corroborates TSP's version of events. Plaintiff conceded receiving "a document electronically" from TSP. (Doc. 65-1, p. 7 of 7.) Plaintiff conceded TSP sent her an email containing a survey plan for installation and location of multiple solar panels. (*Id.*) And she concedes the solar panels were installed. (*Id.*) This case is just like *Palmer* — self-serving assertions without further corroboration that the Plaintiff did not sign the Agreement do not override specific evidence she did sign it.

      Contrast this case with the ones Plaintiff relies on. First, Plaintiff cites *Martinez v. Trans Union LLC*, No. 20-cv-1951, 2020 U.S. Dist. LEXIS 212428 (M.D. Fla. Nov. 13, 2020). In a Fair Credit Reporting Act (FCRA) case, the Plaintiff submitted an affidavit that he was the victim of identity theft (i.e., a credit card was opened in his name) and a police report that he filed. *Id.* at *2. And the Court held that this created an issue of fact on whether an arbitration agreement existed. *Id.* Plaintiff's second case is also an FCRA dispute. *Hoganberry v. Experian Information Solutions, Inc.*, No. 23cv-3690, 2023 U.S. Dist. LEXIS 209214 (N.D. Ill. Nov. 22, 2023). Again, the plaintiff's declaration asserted that he never opened the account and never had any relationship with the defendant bank, which created a triable issue of fact. *Id.* at *9. But Plaintiff's cases have an important distinction — the plaintiff claimed to be a victim of identity theft. In other words, taking those plaintiffs' statements as true somebody else in the world opened a financial account without their knowledge or involvement. The plaintiff had *zero* relationship whatsoever with the defendant financial institution. What else can the plaintiff do but flatly (a) deny any relationship with the defendant, (b) deny opening an account, and (c) deny signing the arbitration agreement?

On the contrary, the Plaintiff here admittedly had numerous communications with TSP and the individuals at her home. She admits having conversations about pricing, and claims she was told the solar panels would be covered by a government program. She concedes allowing those solar panels to be installed on her roof. Unlike the victim of identity theft, Plaintiff was intimately involved in this transaction. And so her bare, self-serving statements that she did not sign the Agreement need to be supported by something else to explain *why* — if she did not sign the Agreement — all those other things admittedly occurred. Plaintiff was not the victim of identity theft by some unknown person. Thus, like the Plaintiff in *Palmer*, she should have to provide some corroborating evidence beyond her own assertions (by declaration and in the police report).

The non-self-serving evidence clearly establishes that Plaintiff signed the Agreement and should thus be compelled to arbitrate.

**2.     Fraud is left to the arbitrator.**

Moreover, Plaintiff's allegations of fraud — based on what she was or was not told during the transaction — do not prevent an order compelling arbitration. A general attack on a contract for fraud is decided under the applicable arbitration provision as part of the contract, and only where the claim of fraud goes specifically to the arbitration provision itself should it be adjudicated by the Court rather than by an arbitrator. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–45 (2006). An arbitration provision is severable from the remainder of the contract; unless the challenge is to the contract as a whole, the contract's validity is considered by the arbitrator in the first instance. *Coinbase, Inc. v. Suski*, No. 23-3, 2024 U.S. LEXIS 2263, at *12–13 (May 23, 2024) (U.S. Supreme Court Slip Op.).

Here, aside from Plaintiff's self-serving assertion that she did not sign the Agreement (which should be rejected for the above reasons) the alleged fraud goes only to pricing

5

— Plaintiff thought she was getting solar panels paid for by the government. (Doc. 65-1, p. 2, ¶ 4; Doc. 65-1, p. 7 of 7.) Thus, the alleged fraud goes to only the Agreement's payment terms, not the Agreement as a whole or its arbitration provision specifically. Thus, this dispute should be resolved by the arbitrator.

## CONCLUSION

Given the argument above, the Court should issue an order compelling arbitration. The Supreme Court just held that this Court *must* stay the case pending arbitration. *Smith v. Spizzirri*, No. 22-1218, 2024 U.S. LEXIS 2170, at *1 (May 16, 2024) (U.S. Supreme Court Slip Op.).

If the Court finds a genuine issue of fact — it should not — then this Court should limit discovery "to the issue of contract formation and whether the Parties entered into a valid arbitration agreement." *Margulis v. Homeadvisor, Inc.*, No. 4:19-cv-00226-SRC, 2020 U.S. Dist. LEXIS 17752 (E.D. Mo. Jan. 31, 2020). Discovery beyond those issues should be prohibited. Then the Court can schedule the matter for a "summary trial" in accordance with the FAA, 9 U.S.C. § 4.

                                  SANDBERG PHOENIX & von GONTARD P.C.

By: */s/    Zachary S. Merkle*
Lyndon Sommer. #44005MO
Zachary S. Merkle, #68258MO
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314.231.3332
314.241.7604 (Fax)
lsommer@sandbergphoenix.com
zmerkle@sandbergphoenix.com

*Attorneys for Defendant*
*Titan Solar Power MO, Inc.*

## Certificate of Service

    I hereby certify that on May 28, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

                                          /s/      Zachary S. Merkle

25715029.v4