IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ARLENE F. BALL,**<br><br>                              Plaintiff,<br><br>vs.<br><br>**GOODLEAP, LLC, TITAN SOLAR POWER MO, INC.,** and **SOLAR MATCH, LLC,**<br><br>                              Defendants. | Case No.: 2:23-cv-00065-NCC |

**PLAINTIFF'S MOTION TO REOPEN CASE AND TO STAY AS TO
DEFENDANT TITAN SOLAR POWER MO, INC. ONLY**

Plaintiff Arlene Ball ("Plaintiff" or "Ms. Ball"), through undersigned counsel, respectfully moves the Court to reopen the case and stay the case as to Defendant Titan Solar Power MO, Inc. ("Titan") only. In support of this motion Plaintiff states:

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Ms. Ball is a retired, Missouri citizen who brings this action for damages arising under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), the federal Truth in Lending Act, 15 U.S.C. § 1632 *et seq*. ("TILA"), and the Missouri Merchandising Practices Act, § 407.025 R.S.Mo. ("MMPA"). Plaintiff alleges, among other things, that Defendants invaded her privacy by using or obtaining her credit reports in the context of fraudulently executing contracts for the installation and financing of solar panels on her residential home. Plaintiff is not a signatory on the solar panel contracts that Defendants seek to enforce against her and her involvement with these companies was the product of fraud and deception related to how the panels were to be paid. Specifically, Defendants represented to Plaintiff on multiple occasions that she was not financially responsible for the panels because the costs would be covered by a government program. ECF No.

1

32 ¶ 19–20; 30; 38 (Amended Complaint).

Shortly after this case was initiated, both Defendants Goodleap, LLC ("Goodleap") and Titan moved to compel arbitration. ECF No. 61; ECF No. 62. Plaintiff responded to these motions in opposition on the basis that she is not a party to the solar panel financing or installation contracts—and consequently is not a party to any arbitration agreement—and is the victim of fraud. *See generally* ECF No. 65; ECF No. 66. As part of her opposition, Plaintiff requested a Section 4 Jury Trial under the FAA. ECF No. 65 at 9; ECF No. 66 at 11. After the motions to compel arbitration were fully briefed, Defendant Titan filed for Chapter 11 bankruptcy protection in Arizona. ECF No. 73. On January 23, 2025, the Court administratively closed this case pending resolution of Titan's bankruptcy. ECF No. 76.

Now before the Court is Plaintiff's motion to reopen the case and to stay the case as to Titan only. The Eighth Circuit recognizes that only unusual circumstances should operate to extend Titan's automatic stay to its co-Defendants in this case, who are not co-Debtors in Titan's bankruptcy. *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) ("Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances."). Therefore, the Court should grant this motion and reopen the case, while staying it as to Titan only.

## STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). As such, "[a] district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). The Court may stay discovery for good cause shown and "has broad discretion to control the scheduling of events in

2

matters on its docket." *Perkins v. Missouri*, No. 18-cv-835-RK, 2019 WL 332811, at *1 (W.D. Mo. Jan. 25, 2019) (quoting Fed. R. Civ. P. 26(c)(1)); *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996)); *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) ("A district court has broad discretion to stay proceedings when appropriate to control its docket.").

## ARGUMENT

**I.   The case should be reopened as no special circumstances exist to extend Titan's automatic stay to the other Defendants in this case.**

The general rule is that the automatic bankruptcy stay only applies to the entity in bankruptcy—here, Defendant Titan—and that the stay does not extend to any co-defendants absent extraordinary circumstances. *Sav-A-Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) ("Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances."); *see also Jama v. Wright County*, No. 22-cv-483, 2023 WL 2238803, at *3 (D. Minn. Feb. 27, 2023) ("The Eighth Circuit rarely finds that unusual circumstances exist warranting an extension of an automatic bankruptcy stay to non-bankrupt co-defendants."). "[G]enerally, the automatic stay is limited to debtors and does not encompass non-bankrupt co-defendants." *Raudonis as trustee for Walter J. Raudonis 2016 Revocable Trust v. RealtyShares, Inc.*, 507 F. Supp. 3d 378, 381 (D. Mass. 2020) (quoting *Mercier v. GMAC Mortg. LLC*, No. 3:11-cv-1379, 2012 WL 1856443, at *1 (D. Conn. May 21, 2012)).

That makes sense because the alternative would be that any automatic stay as to one party would always lead to its extension to the remaining parties—something that the law is clear is not the case. *See In re MCSi, Inc. Sec. Litig.*, 371 B.R. 270, 275 (S.D. Ohio 2004) (rejecting argument that judicial economy warrants extending stay to non-debtor co-defendants because "any duplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned.")

(quoting *Lynch v. Johns-Mansville Sales Corp.*, 710 F.2d 1194, 1199 (6th Cir. 1983)).

Here, the operative complaint alleges that the Defendants are individually liable for their own affirmative conduct, that they themselves undertook to perpetuate the fraud at issue. In cases such as this one, Courts refuse to extend one Defendant's automatic stay to its co-Defendants. *See e.g.*, *In re First Cent. Financial Corp.*, 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999) ("Basically, where a non-debtor codefendant may be held independently liable of the debtor, then there is no compelling basis by which a court must extend the automatic stay provisions of § 362 to the non-debtor codefendants.") (quoting *Duval v. Gleason*, No. 90-cv-242, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990)).

Additionally, there is no evidence in the record to show such extraordinary circumstances justifying an extension of Titan's stay to its co-Defendants in this case. It is undisputed that Titan's co-Defendants are standalone legal entities, who did not file for bankruptcy. But even if they were more closely affiliated companies, that still would not provide a basis to extend Titan's stay to its co-Defendants. *See*, *e.g.*, *Huntington Nat'l Bank v. 1973 Chris Craft Roamer*, No. 18-cv-226, 2019 WL 497683, at *1 (N.D. Ohio Feb. 8, 2019) ("[T]he automatic stay generally does not apply to assets of a bankruptcy debtor's subsidiary, even if that subsidiary is wholly owned.") (citing *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007)); *In re Hitchcock*, No. BK19-41570, 2020 WL 4745030, at *1 (Bankr. D. Neb. Aug. 14, 2020) ("[A]s a general matter the automatic stay does not apply 'to actions against parties who enjoy factual or legal relationships with a debtor, such as a debtor's wholly owned subsidiaries.'") (quoting *Nat'l Bank of Ark. v. Panther Mountain Land Dev., LLC* (*In re Panther Mountain Land Dev., LLC*), 686 F.3d 916, 921 (8th Cir. 2012)). Likewise, there is no evidence to support the contention that proceeding against Titan's co-Defendants would have any affect or impact upon Titan's bankruptcy.

Lastly, to the extent that Titan's co-Defendants may contend that principles of judicial economy and avoiding piecemeal litigation require a stay, such a position would be frivolous. Again, the rule is that the automatic stay should not be extended to co-defendants absent compelling or extraordinary circumstances, which simply do not exist here. In short, there is simply no reason for this Court to extend Titan's automatic stay to its co-Defendants.

**II.     The case should be stayed as to Defendant Titan only.**

Here, a stay as to Defendant Titan is appropriate. The bankruptcy code's automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494, 503, 106 S.Ct. 755, 760 (1986). Plaintiff asks that the Court enter a stay as to Titan only. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) ("A district court has broad discretion to stay proceedings when appropriate to control its docket."). Until the resolution of Titan's bankruptcy, a stay as to Titan is appropriate. "The filing of a bankruptcy operates as a stay, applicable to all entities, of the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor ... to recover a claim against the debtor that arose before the commencement of the case under this title" *In re Valentine*, 611 B.R. 622, 632 (Bankr. E.D. Mo. 2020) (citing 11 U.S.C. § 362(a)); *see also In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) ("The automatic stay is self-executing, effective upon the filing of the bankruptcy petition.").

## CONCLUSION

WHEREFORE Plaintiff prays the Court grant this motion and issue an Order reopening the case and setting a status conference for case management and scheduling, with a stay of this case as to Defendant Titan Solar Power MO, Inc. only, and grant Plaintiff any other and further relief this Court deems just and proper.

Dated: June 20, 2025

Respectfully Submitted,

By: /s/ Matthew S. Robertson
A.J. Stecklein                          #46663 (MO)
Matthew S. Robertson         #70442 (MO)
STECKLEIN ROBERTSON LAW, CHTD.
1503 Westport Road
Kansas City, Missouri 64111
Telephone:    (913) 371-0727
Facsimile:      (913) 371-0727
Email: aj@srlawkc.com
            msr@srlawkc.com
**Attorneys for Plaintiff Arlene Ball**

## CERTIFICATE OF FILING

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court's ECF system on June 20, 2025, which will automatically generate notice of filing to all counsel of record.

/s/ Matthew S. Robertson
One of Plaintiff's Attorneys