IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **ARLENE F. BALL,**<br><br>      Plaintiff,<br><br>v.<br><br>**GOODLEAP, LLC, et al.,**<br><br>      Defendants. | Case No: 2:23-CV-00065-NCC |

**Defendant GoodLeap, LLC's Brief in Opposition to
Plaintiff's Motion to Reopen Case and to Stay
as to Defendant Titan Solar Power MO, Inc. Only**

In February 2023, Plaintiff Arlene Ball entered into a loan agreement with Defendant GoodLeap, LLC ("GoodLeap") for $41,074.03 to finance the sale and installation of solar panels by Defendant Titan Solar Power MO, Inc. ("Debtor") at her home in Missouri. Plaintiff's contract with Debtor and her separate loan agreement with GoodLeap includes an arbitration agreement. As a result, both GoodLeap and Debtor separately moved this Court to compel arbitration. (*See* ECF No. 62; ECF No. 60.) These motions to compel arbitration remain pending.

Sometime after filing these motions, Debtor filed its bankruptcy petition, and this Court administratively closed the action. (ECF No. 76.) The Court's closure should be upheld and the matter should be stayed as to both Debtor and GoodLeap because GoodLeap's Motion to Compel Arbitration should be granted and this matter should be compelled to arbitration.

**Factual and Procedural Background**

Debtor, which has a pending bankruptcy and is no longer in business, was an independent nationwide residential solar system seller and installer. Debtor, like all other contractors, is solely responsible for the marketing, sales, installation, and servicing of all residential solar systems sold

1

and installed by their employees.  Debtor interacted with several different point of sale technology platforms that offered financing options to consumers to purchase a System, including GoodLeap. In order for Debtor's customers to have the option to finance the installation price of solar systems using loan products provided by GoodLeap, Debtor entered into an agreement with GoodLeap on September 30, 2022 (the "Program Agreement").  Notably, the Program Agreement includes a valid and enforceable indemnification provision providing that:

> **Contractor Indemnity.**  To the fullest extent permitted by Applicable Law, Contractor shall defend, indemnify and hold harmless GoodLeap and GoodLeap's Affiliates, officers, members, directors, employees and agents (each, an "**GoodLeap Indemnified Person**", and collectively, the "**GoodLeap Indemnified Persons**") from and against any Losses caused by: . . .  any property damage, bodily injury or death arising from the Installation or Contractor's personnel's operation of Projects . . . .

(**Exhibit 1**, Excerpt from Program Agreement ¶ 7.1.)

On February 20, 2023, Plaintiff electronically executed a loan agreement in the amount of $41,074.03 to finance the purchase of a solar system from Debtor to be installed at her home in Missouri (the "Loan Agreement").  (*See* Loan Agreement, ECF No. 63-2.)  The Loan Agreement contains a valid and enforceable arbitration agreement.  (*Id*.)  The Arbitration Agreement also contains a clause expressly delegating the right to determine threshold issues of arbitrability to an arbitrator:

> **The arbitrator shall also decide any issues relating to the making, validity, enforcement, or scope of this arbitration agreement, arbitrability, defenses to arbitration including unconscionability, or the validity of the jury trial, class action or representative action waivers (collectively, "arbitrability" issues).**

*Id*.

Plaintiff agreed in the Arbitration Agreement that the Federal Arbitration Act, 9 U.S.C. §§ 1–16, shall apply to her agreement with GoodLeap. *Id*. The Arbitration Agreement also contained a provision to opt out of the binding arbitration agreement. *Id*. However, Plaintiff did not exercise this option. Instead, Plaintiff, in her own words, alleges that she "allowed [Debtor] to place solar panels on her roof . . ." (Am. Compl. ¶ 30.) Since then, Plaintiff has benefitted from the installation of the solar panels and otherwise relies on the contracts signed with Debtor and GoodLeap to support her causes of action in the Amended Complaint. (Am. Compl. ¶¶ 32–39, 70–71, 74.) Plaintiff is therefore bound by the Loan Agreement and the agreement to arbitrate with GoodLeap.

Despite her arbitration obligation, Plaintiff brought this action against GoodLeap on November 30, 2023. (*See* ECF No. 1.) On February 5, 2024, Plaintiff filed an Amended Complaint (*See* ECF No. 32.) On May 8, 2024, GoodLeap filed a Motion to Compel Arbitration and to Stay These Proceedings. (*See* ECF Nos. 62–63.) On January 23, 2025, the Court administratively closed this case pending resolution of Debtor's Chapter 11 bankruptcy proceedings. (*See* ECF No. 76.) On June 20, 2025, Plaintiff filed the underlying motion (ECF No. 77), which is the subject of this brief in opposition.

**Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). District courts have "broad discretion to stay proceedings when appropriate to control [their] docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). That discretion extends to a court's decision whether to reopen a case once a

3

stay has been entered. *See George v. Blue Diamond Growers*, No. 4:15-CV-962 (CEJ), 2017 WL 11888201, at *1 (E.D. Mo. Feb. 14, 2017) (asserting court's broad discretion to stay proceedings in denying motion to reopen case and lift stay). In some situations, however, stays are mandated by federal law, such as the imposition of an automatic bankruptcy stay, 11 U.S.C. § 362, or a stay pending arbitration, *see Smith v. Spizzirri*, 601 U.S. 472, 475 (2024) (requiring stay of arbitration proceedings under FAA upon request of party).

**Argument**

**I.     The Court's administrative closure of this matter should extend to GoodLeap because Debtor has agreed to indemnify GoodLeap and thus has identity of interests in this matter.**

The Court's administrative closure of this matter in response to the automatic stay of the bankruptcy court should apply to GoodLeap because the automatic stay properly extends to GoodLeap as a non-debtor codefendant entitled to absolute indemnity. Although automatic stays usually do not extend to non-debtors, an automatic stay can properly extend to a non-debtor codefendant where that third-party codefendant "is entitled to absolute indemnity by the debtor on account." *See Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762–63 (8th Cir. 2011) (citing, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). The United States Court of Appeals for the Fourth Circuit has agreed that a situation where the extension of an automatic stay would be proper is "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *see also Swallow v. Corizon, LLC*, No. 4:18 CV 1045 JMB, 2023 WL 2967785, at *2 (E.D. Mo. Apr. 17, 2023) (extending automatic stay to non-bankrupt defendants where debtor paid for defendants' defense and would indemnify them).

4

Although GoodLeap denies the validity of Plaintiff's claims, she asserts claims falling under the broad indemnification provision above. Because Debtor agreed to indemnify GoodLeap, GoodLeap is "entitled to absolute indemnity" by Debtor and the automatic stay should extend to GoodLeap. Therefore, the administrative closure of the matter should remain.

**II.     Even if the Court concludes the automatic stay does not extend to GoodLeap, the case should not be reopened because this matter must be resolved by arbitration.**

The Federal Arbitration Act ("FAA") requires that judicial proceedings be stayed where issues to be addressed in such proceedings are "referable to arbitration." 9 U.S.C. § 3. Where, as here, parties have agreed to arbitration, those arbitration agreements are to be enforced; actions should be stayed pending completion of arbitration. *See Smith*, 601 U.S. at 475; 9 U.S.C. §§ 3–4; Fed. R. Civ. P. 12(b)(1), (3), and (6).

Pending before this Court is GoodLeap's Motion to Compel Arbitration. (*See* ECF No. 62.) For the reasons stated therein, a valid and enforceable arbitration agreement exists between GoodLeap and Plaintiff. *See* ECF No. 63.[1] Accordingly, any dispute falling within the scope of the Arbitration Agreement "must be submitted to arbitration." *See Stevenson v. Equifax Info. Servs. LLC*, 709 F. Supp. 3d 735, 739 (E.D. Mo. 2023) (quoting *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015)). Because this case is "referable to arbitration," it must be stayed.

---

[1] Since the completion of briefing on GoodLeap's Motion to Compel Arbitration, the Eighth Circuit has reaffirmed the breadth with which courts should read phrases such as "any dispute" and "related to" within the arbitration context. *JES Farms P'ship v. Indigo Ag Inc.*, 116 F.4th 733, 736 (8th Cir. 2024) ("The reference to "any dispute" denotes a broad arbitration clause that would encompass Indigo's counterclaims about alleged breaches of the pricing addenda and enforceability of the addenda."). District Courts in Missouri have also analyzed enforcement issues against non-signatories through traditional state law doctrines such as ratification and estoppel, ultimately compelling arbitration. *Tillman v. Equifax Info. Servs., LLC*, No. 4:23-CV-1432 HEA, 2024 WL 3639586, at *4 (E.D. Mo. Aug. 2, 2024); Courtright v. Epic Games, Inc., 766 F. Supp. 3d 873, 901 (W.D. Mo. 2025). These subsequently decided cases reaffirm GoodLeap's arguments that this case should be compelled to arbitration and the matter stayed.

*See, e.g.*, *Smith*, 601 U.S. at 475. Accordingly, Plaintiff's motion to reopen this case should be denied pending resolution of GoodLeap's pending Motion to Compel Arbitration.

## Conclusion

For the reasons set forth above, GoodLeap respectfully requests that the Court deny Plaintiff's Motion to Reopen Case and to Stay as to Defendant Titan Solar Power MO, Inc. Only.

This 11th day of July, 2025.

> Respectfully Submitted,
>
> JENKINS & KLING, P.C.
>
> By: */s/ Helen F. Carpenter*
>     Dale E. Hermeling, #36127 (MO)
>     Helen F. Carpenter, #71881 (MO)
>     150 N. Meramec Ave., Suite 400
>     St. Louis, Missouri 63105
>     (314) 721-2525 Phone
>     dhermeling@jenkinskling.com
>     hcarpenter@jenkinskling.com
>
> NELSON MULLINS RILEY & SCARBOROUGH LLP
>     Matthew A. Abee, 101100 (SC)
>     *Pro Hac Vice Motion Forthcoming*
>     E-Mail: matt.abee@nelsonmullins.com
>     1320 Main Street / 17th Floor
>     Post Office Box 11070 (29211-1070)
>     Columbia, SC 29201
>     (803) 799-2000
>
> *Attorneys for Defendant GoodLeap, LLC*

**Certificate of Filing**

      I hereby certify that the foregoing document was filed electronically with the Clerk of the Court's ECF system on July 11, 2025, which will automatically generate notice of filing to all counsel of record.

                                /s/ *Helen F. Carpenter*
                            *Attorney for Defendant GoodLeap, LLC*